# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:03-cr-00288

JAMAR LUSTER,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 84) The Court has now received materials submitted by the Probation Office and the parties on this issue.

The Defendant was originally sentenced to one hundred twenty-one (121) months in prison. (Document 55) On November 4, 2008, the Court reduced his sentence under the 2007 amendments to the crack Guidelines to one hundred twenty (120) months, the statutory mandatory minimum. (Document 69) Although the Defendant's guideline range would allow for a reduction under the retroactive application of the November 1, 2010, amendments to the United States Sentencing Guidelines, effective November 1, 2011, the Defendant is still subject to the current mandatory minimum sentence of one hundred twenty (120) months required by statute. Thus, the Defendant is not eligible for a reduction of his sentence. In their respective written responses, both the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 85 and 86). For these reasons, the Court **ORDERS** that the § 3582 Motion (Document 82) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

ENTER: December 27, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA